:Sutlxff, J.
The bill of exceptions sets forth evidence given on the trial both on the part of the plaintiff and defendants, and the judge therein certifies it to contain “ all the •evidence introduced by plaintiff for the purpose of proving -or tending to prove the arrest of the plaintiff upon said warrant, issued by Joseph Clark, justice, and all the proof of defendant tending to disprove the matters charged.” Rut it is ■not certified, nor does it appear by necessary implication, that the bill of exceptions contains all the evidence given upon ■the trial, which is indispensably necessary to enable this court to determine whether the court below did or did not err in •overruling the motion for a new trial for the alleged cause that the verdict is against the evidence. We can not, therefore, in this case look to the evidence set out by the bill of exceptions.
It remains, therefore, only to consider the questions of ¡law, presented to .the .consideration of the district court, and *103 concerning which, objection is now made to the holding of that court.
In the first place, it is said that the district court erred in holding that the facts set forth in the original petition are not sufficient in law to maintain the action. We understand the objection to the petition, intended to be expressed in this exception, to be, that the prosecution whs commenced before a justice of the peace by the affidavit and complaint having been ma¡de before the justice; and it is denied that the justice of the peace had any jurisdiction in the case. But while the petition, it is true, represents the-complaint to have been made, by the defendants below, before the justice of the peace, it is also charged that their object was to procure the plaintiff to be arrested and taken before some United States commissioner, and that they did thereby procure a warrant to issue from said justice, and caused the plaintiff to be arrested and taken before a commissioner at the city of Cincinnati, etc.
The petition states that the defendants willfully, maliciously and without cause, instituted said proceedings, and caused the plaintiff to be arrested and prosecuted before said United States commissioner, and that he, the plaintiff, was finally discharged for want of any cause to sustain said prosecution.
The facts stated in the petition, therefore, are consistent with the understanding that the intention of the pleader was to charge the defendants with-having instituted and carried on the malicious prosecution before the United States commissioner ; and every reasonable presumption being in favor of the' judgment, it may well be intended that such is the offense charged by the plaintiff in his petition, and not merely instituting the proceedings before the justice of the peace for which the plaintiff seeks to hold the defendants chargeable. And although the proof, set forth in the record, is to the effect that the prosecution before the United States commissioner was instituted by a complaint made by Burnett, a U. S. marshal, and not by the defendants, inasmuch as all the proof on this subject may not be set forth, it may be possible *104 that contrary evidence was offered to the jury; at all events, inasmuch as all the evidence is not before us, we can not say that the jury found contrary to the evidence upon this point; or might not, consistently with the evidence, have found the malicious prosecution charged, to have been commenced before the commissioner, and not the justice of the peace.
Nor can we affirm from the record that the court erred in refusing to allow Clark to file his answer setting up the accord and satisfaction by Gibbs. Eor, although the record shows that the matters proposed to be so set forth in the answer would have constituted, as to all the defendants, a good bar, and that all the defendants had the right to have availed themselves of the matters as a defense, yet the record shows that at the June term 1858, and after Gibbs had by his answer, as expressed in the journal entry of that term, disclosed those facts to the other defendants, the court gave all the defendants leave to answer instanter, and thereby set the same up in their answers; and it is a rule that pleas puis darien continuance, must be pleaded before the next continuance after the facts or events have occurred and become known to the party.
It was, therefore, within the discretion of the court to allow or refuse such answer at the late period of time when leave was so asked and refused. And there is nothing in the record to show us that the court did not place its refusal upon this ground, instead of the assumed ground, that there had been a finding against the averment of the same facts in the answer of Gibbs — an objection which is hardly sustained by the record. Eor it does not appear from the record that the same facts had been set up as a defense in the answer of Gibbs; nor is there any showing that the court had found the facts untrue; but only that the same were untrue wherein contrary to or inconsistent with the facts set forth in the replication thereto; an.d the record does not show that the same were in any respect inconsistent with the replication. We must, therefore, presume that the court refused Clark leave to set up those facts as a defense, for the reason that he had neglected to avail *105 himself of the defense within the rule by which he was entitled to the benefit of the defense.
Inasmuch, therefore, as the facts so sought to be pleaded, or set up in the answer as a bar, constituted a strictly legal, if noli; a mere technical defense, it was quite proper for the court to hold the party to the strict legal rule in availing himself of such defense.
We can not, therefore, say that the court of common pleas erred in thus overruling the motion of the defendants to file such amended answer in the case. Nor can we perceive that the court of common pleas erred in admitting the evidence of the plaintiff, objected to by the defendants; or in overruling the motion for a new trial.
The judgment of the district court affirming that of the common pleas, must therefore be affirmed.
Scott, C. J., and Peck, Gholson and Brinkerhoee, J J., concurred.